GEORGE EDWARD BOYD V. STATE

No. 28,880. March 13, 1957.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court without a jury under a plea of not guilty, appellant was convicted of negligent homicide in the first degree and his punishment was assessed at confinement in jail for one year.

The conviction is under the first count of the information which charged that the appellant while engaged in the performance of a lawful act of driving and operating a motor vehicle upon a public street and highway in Harris County, Texas, did by negligence and carelessness cause the death of

Joda Rogers, who was an occupant of said automobile by then and there negligently causing and permitting said automobile to collide with another automobile and thereby causing injuries to the body of Joda Rogers from which injuries the said Joda Rogers died. The information in substance charged that appellant was guilty of negligence in the following particulars: (1) That he failed to guide the automobile he was driving away from said other automobile as a person of ordinary prudence would have done under like circumstances, (2) That he failed to keep his automobile under proper control, and (3) That he failed to keep a proper lookout for said other automobile; and as a consequence of said acts of negligence he negligently killed the deceased and her death was then and there caused by his said negligence and carelessness. The information contained other averments which bring the case under negligent homicide of the first degree; Article 1231-1236 V.A.P.C.

The evidence is undisputed that the appellant while driving his automobile on Harrisburg Avenue in the city of Houston was involved in a collision with another automobile approaching from the opposite direction. The collision between the two automobiles was head-on and occurred on the appellant's left-hand side of the roadway as he was passing another automobile traveling in the same direction.

The only dispute in the testimony was relative to the speed the appellant's automobile was traveling at the time of the collision and whether the lights on the other automobile were burning at the time.

The state's witness, John Brionez, driver of the other automobile, testified that the lights on his automobile were burning at the time of the collision and estimated the speed of appellant's automobile just before the collision as between 55 and 60 miles per hour.

Appellant as a witness in his own behalf testified that immediately before the collision he was traveling about 30 miles per hour; and the lights on the other automobile were not burning and had the lights on the other car been burning he would not have attempted to pass the other car traveling in the same direction.

It was stipulated that the deceased, Joda Rogers, died as the result of injuries received in the collision between the two automobiles.

We find the evidence sufficient to sustain the court's judgment and conviction.

No brief has been filed on behalf of the appellant and no formal bills of exception are presented in the record.

We have considered appellant's exceptions in the statement of facts to the court's rulings on the admission of testimony and find no reversible error shown.

The judgment is affirmed.

Opinion approved by the Court.